IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHRISTOPHER ANDREW WEST,

    Petitioner,

v.                                                         No. 1:21-cv-01006-JDB-jay
                                                                       Re: 1:18-cr-10079-JDB-1

UNITED STATES OF AMERICA,

    Respondent.

ORDER GRANTING MOTION FOR RULING ON AMENDED PETITION
AND
GRANTING AMENDED PETITION

On May 11, 2021, the Petitioner, Christopher Andrew West, filed an amended pro se[1] motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 6.)[2] In that pleading's sole claim, West argued that he should have received a variance below the then-applicable mandatory minimum term of incarceration ("Claim 1"). By order dated April 1, 2022, Petitioner was allowed to assert an additional claim based on the United States Supreme Court's recent decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022) ("Claim 2").[3] (D.E. 12.) Respondent, the United States of America, subsequently "concede[d]" that Petitioner is entitled to relief on Claim 2 and represented that it was "waiving any procedural defenses it may

---

[1] Counsel appeared on Petitioner's behalf on March 14, 2022. (*See* D.E. 10.)

[2] The Court will refer to West as the "Defendant" in its discussion of his criminal case. Record citations are to documents filed in the present case unless otherwise indicated.

[3] The amended § 2255 motion and the supplemental claim are referred to collectively as the "Amended Petition."

have to West's § 2255 motion." (D.E. 15 at PageID 86.)  For the following reasons, the Amended Petition is GRANTED.[4]

## BACKGROUND

On August 19, 2019, a federal grand jury for the Western District of Tennessee charged West in a superseding indictment with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  (*United States v. West*, No. 1:18-cr-10079-JDB-1 (W.D. Tenn.) ("No. 1:18-cr-10079"), D.E. 33.)  The Defendant subsequently entered a guilty plea to the sole count of the superseding indictment.  (*Id.*, D.E. 44.)

West was determined to be subject to a minimum sentence of fifteen years' incarceration under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  (*Id.*, D.E. 52 at PageID 118.)  His designation as an armed career criminal was predicated on three Tennessee convictions for aggravated burglary.  As indicated in the presentence report and at sentencing, West committed two of the burglaries on December 17, 2008.  (*Id.*, D.E. 52 at PageID 120-21; *id.*, D.E. 60 at PageID 180.)  Those burglaries were of "two apartments [located ] next door to each other" in the same apartment building.  (*Id.*, D.E. 60 at PageID 180.)  The Court found that the three convictions constituted three ACCA predicates.  (*Id.*, D.E 60 at PageID 186-87.)  The Defendant was sentenced to the statutory minimum of 180 months' incarceration, to be followed by five years of supervised release.  (*Id.*, D.E. 55-57.)  No direct appeal was taken.

---

[4]Petitioner filed a motion for a ruling on the Amended Petition in light of Respondent's concession. (D.E. 16.)  Because the instant order rules on the merits of the Petition, the motion is necessarily GRANTED.

2

DISCUSSION

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). For a petitioner "to obtain relief under § 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *McWhorter v. United States*, No. 97-6118, 1998 WL 399620, at *1 (6th Cir. June 11, 1998) (citing *Reed v. Farley,* 512 U.S. 339, 348 (1994); *United States v. Todaro,* 982 F.2d 1025, 1028 (6th Cir. 1993) (per curiam)).

Under the ACCA, a person who is convicted of being a felon in possession of a firearm and who "has three previous convictions . . . for a violent felony or a serious drug offense . . . *committed on occasions different from one another* . . . shall be . . . imprisoned not less than fifteen years[.]" 18 U.S.C. § 924(e)(1) (emphasis added). At the time of West's sentencing hearing in 2020, Sixth Circuit precedent held that

> two offenses are committed on different occasions if (1) it is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins; (2) it would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense; or (3) the offenses are committed in different residences or business locations.

*United States v. Hennessee*, 932 F.3d 437, 444 (6th Cir. 2019) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 896 (2020).

3

In *Wooden*, the Supreme Court rejected the Sixth Circuit's approach. *Wooden*, 142 S. Ct. at 1069-74. In that case, the defendant was convicted of being a felon in possession of a firearm in violation of § 922(g). *Id.* at 1067-68. At sentencing, he was found to be an armed career criminal under the ACCA based on ten prior burglary convictions. *Id.* at 1068. Those convictions stemmed from his having "burglarized ten units in a single storage facility" during "the course of one evening." *Id.* at 1067. On appeal, the Sixth Circuit agreed with the district court's determination that the burglaries were committed on different occasions, reasoning that "'it is possible . . . to discern the point at which Wooden's first offense' was 'completed and the subsequent point at which his second offense began.'" *Id.* at 1068 (quoting *United States v. Wooden*, 945 F.3d 498, 505 (6th Cir. 2019) (bracket omitted)). The Supreme Court reversed, finding that the Sixth Circuit's focus on the temporal sequence of the crimes was inconsistent with the "ordinary meaning of 'occasion,'" which may encompass "temporally discrete" events. *Id.* at 1069-70. The Court also found that the "ACCA's history and purpose" eschewed a singular focus on a "temporal-distinctness test." *Id.* at 1069. Instead, courts are to engage in a "multi-factored" "inquiry":

> Timing of course matters, though not in the split-second, elements-based way the Government proposes. Offenses committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantial gaps in time or significant intervening events. Proximity of location is also important; the further away crimes take place, the less likely they are components of the same criminal event. And the character and relationship of the offenses may make a difference: The more similar or intertwined the conduct giving rise to the offenses—the more, for example, they share a common scheme or purpose—the more apt they are to compose one occasion.

*Id.* at 1070-71. Applying this approach, the Court found that "Wooden's burglary of a storage facility . . . arose from a closely related set of acts occurring on the same night, at the same place—

making up . . . a single criminal episode." *Id.* at 1074 (internal quotation marks omitted).  As the ten burglaries were not committed on separate occasions, Wooden did not have three ACCA predicate convictions.  *Id.*

In the present matter, the Court agrees with the parties that the two aggravated burglaries West committed on December 17, 2008, did not occur on different occasions, and therefore count as only one ACCA predicate.  As in *Wooden*, Petitioner committed his crimes, both of which were burglaries, on the same night and in a single building.  The acts were therefore closely related in character, time, and place, and thus comprised a single criminal episode.  Claim 2 is GRANTED as meritorious and Claim 1 is DENIED as moot.  The Amended Petition is GRANTED.

Because Petitioner does not have three qualifying convictions, his ACCA sentence must be vacated.  A resentencing hearing date will be set by separate order.

IT IS SO ORDERED this 11th day of October 2022.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE